1

2

3

4

5                     UNITED STATES DISTRICT COURT

6                     EASTERN DISTRICT OF WASHINGTON

7   ANDREA KANE, M.D.; BROOK
    LANG, M.D.; and CHRISTOPHER          NO. 2:22-CV-0159-TOR
8   RABIN, D.O.,

9                              Plaintiffs,    ORDER GRANTING MEDNAX AND
                                              PEDIATRIX'S MOTION TO
                                              COMPEL ARBITRATION AND
10        v.                                  PROVIDENCE'S MOTION TO
                                              DISMISS
11  MEDNAX SERVICES, INC., a
    foreign corporation; PEDIATRIX
12  MEDICAL GROUP OF
    WASHINGTON, INC., P.S. a
13  Washington professional services
    corporation; and PROVIDENCE
14  HEALTH & SERVICES-
    WASHINGTON d/b/a
15  PROVIDENCE SACRED HEART
    MEDICAL CENTER,
16
                              Defendants.
17

18        BEFORE THE COURT are Defendant Providence Health & Services –

19  Washington's ("Providence") Motion to Dismiss (ECF No. 13), Defendants

20  Mednax Services Inc. ("Mednax") and Pediatrix Medical Group of Washington

    ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO
    COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~
    1

1   Inc. PS's ("Pediatrix") Motion to Compel Arbitration (ECF No. 16), and Plaintiffs'

2   Motion to Strike Providence's Joinder (ECF No. 29).  These matters were

3   submitted for consideration with oral argument on November 3, 2022.  Elizabeth

4   A. Hanley and Hong C. Jiang appeared on behalf of Plaintiffs.  Catharine M.

5   Morisset appeared on behalf of Mednax and Pediatrix.  Victoria M. Slade appeared

6   on behalf of Providence.

7        The Court has reviewed the record and files herein, and is fully informed.

8   For the reasons discussed below, Providence's Motion to Dismiss (ECF No. 13) is

9   **granted**, Mednax and Pediatrix's Motion to Compel Arbitration (ECF No. 16) is

10  **granted**, and Plaintiffs' Motion to Strike Providence's Joinder (ECF No. 29) is

11  **denied as moot**.

12                              **BACKGROUND**

13       This case concerns three physicians' experiences while working at Sacred

14  Heart Medical Center in Spokane, Washington.  *See* ECF No. 1.  On June 30,

15  2022, Plaintiffs filed the Complaint, alleging the following causes of action: (1)

16  discrimination and retaliation in violation of Washington's Law Against

17  Discrimination ("WLAD") as to all Defendants, (2) discrimination and retaliation

18  in violation of Washington's Equal Pay and Opportunities Act as to Defendants

19  Mednax and Pediatrix, (3) discrimination and retaliation in violation of the Equal

20  Pay Act as to Defendants Mednax and Pediatrix, (4) negligent infliction of

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO
COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~
2

emotional distress as to all Defendants, (5) negligence as to all Defendants, and (6) wrongful discharge in violation of public policy as to all Defendants. *Id.* at 13–18, ¶¶ 3.1–3.25.

On August 1, 2022, Providence filed the present Motion to Dismiss. ECF No. 13. On August 12, 2022, Mednax and Pediatrix filed the present Motion to Compel Arbitration. ECF No. 16. On August 26, 2022, Providence filed a Joinder in the Motion to Compel Arbitration as alternative relief to the Motion to Dismiss, which Plaintiffs moved to strike. ECF Nos. 22, 29. The parties have fully briefed all pending motions. ECF Nos. 20–21, 23–27, 31–32, 34–35.

The following facts are drawn from Plaintiffs' Complaint, which are accepted as true for the purposes of the Motion to Dismiss. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

## FACTS

Plaintiffs are physicians. ECF No. 1 at 1-2, ¶¶ 1.1–1.3. Mednax is a Florida corporation that conducts business in Spokane County, Washington. *Id.* at 2, ¶ 1.4. Pediatrix is Washington professional services corporation with its principal place of business in Florida and conducts business in Spokane County, Washington. *Id.*, ¶ 1.5. Providence is a non-profit corporation with its principal place of business in Washington and owns and operates Providence Sacred Heart Medical Center and Children's Hospital in Spokane County, Washington. *Id.*, ¶ 1.6.

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~ 3

1    Mednax provides specialized physician services, specifically newborn,

2    maternal-fetal, and other pediatric subspecialist care, to medical facilities

3    nationwide, including to Providence in Spokane. *Id.* at 3, ¶ 2.2. Mednax controls

4    the day-to-day work of physicians employed by Mednax and its affiliated

5    physician practice groups, including Pediatrix. *Id.* at 4, ¶¶ 2.4, 2.6. Mednax

6    retains the power to hire and fire Pediatrix employees, control schedules, determine

7    compensation, and formulate physician employment agreements. *Id.*, ¶ 2.6.

8    Additionally, Mednax induces non-profit hospitals, including Providence, to hire

9    Mednax physicians for executive positions to increase profit. *Id.*, ¶ 2.7.

10    Providence determines whether Mednax physicians receive and maintain

11    privileges, i.e., membership on the hospital medical staff, decides which physicians

12    would serve as NICU Medical Director, provides nurses, technology, equipment,

13    and other staffing critical to the Mednax physicians' ability to treat and bill for

14    treatment of patients, and controls many aspects of the workplace, including which

15    persons are allowed on the premises. *Id.*, ¶ 2.10. Providence hired Mednax and

16    Pediatrix Medical Director Dr. Michael Barsotti as Chief Medical Officer. *Id.* at 4,

17    ¶ 2.8. Dr. Barsotti and Mednax exerted considerable control over Pediatrix-

18    employed physicians at Providence. *Id.* at 5, ¶ 2.9.

19    Between 2014 and 2018, Mednax hired Plaintiffs. *Id.* at 6, ¶¶ 2.115–2.17.

20    Mednax Medical Director Dr. Ronald Ilg controlled all three physicians'

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO
COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~
4

1   employment and day-to-day work.  *Id.*, ¶ 2.18.  During much of this employment,

2   Plaintiffs were at Providence in the Neonatal Intensive Care Unit ("NICU").  *Id.* at

3   7, ¶ 2.19.  Plaintiffs allege Defendants jointly employed Plaintiffs.  *Id.*, ¶ 2.20.

4   During their employment, Plaintiffs allege sexism in the workplace, concerns

5   regarding patient safety, sex discrimination, and retaliation regarding the conduct

6   of Dr. Ilg.  *See id.* at 7-13, ¶¶ 2.21–2.60.

7                                         **DISCUSSION**

8   **I.    Motion to Dismiss**

9        A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal

10  sufficiency" of the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th

11  Cir. 2001).  To withstand dismissal, a complaint must contain "enough facts to

12  state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550

13  U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

14  factual content that allows the court to draw the reasonable inference that the

15  defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662,

16  678 (2009) (citation omitted).  This requires the plaintiff to provide "more than

17  labels and conclusions, and a formulaic recitation of the elements."  *Twombly*, 550

18  U.S. at 555.  While a plaintiff need not establish a probability of success on the

19  merits, he or she must demonstrate "more than a sheer possibility that a defendant

20  has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO
COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~
5

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." Me*tzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing T*ellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

The Court "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (citation omitted). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

Providence seeks to dismiss all claims asserted against it on that grounds that (1) Providence was not Plaintiff's employer for purposes of the wrongful

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~ 6

discharge and WLAD claims, even as a joint employer and (2) Plaintiffs fail to state claims under the WLAD, negligence, and negligent infliction of emotional distress.  ECF No. 13 at 14–24.

    *A.  Employer Status*

    Wrongful discharge claims are predicated on an employment relationship. *Awana v. Port of Seattle*, 121 Wash. App. 429, 433 (2004).  To determine whether an entity is an employer, courts look to who controlled the work to be performed, who paid the consideration for work, and who treated the employee as such for tax purposes.  *Buhr v. Stewart Title of Spokane, LLC*, 176 Wash. App. 28, 37 (2013).  The WLAD also requires an employment relationship.  *DeWater v. State*, 130 Wash. 2d 128, 138–140 (1996).  Employer is defined as "any person acting in the interest of an employer."  RCW 49.60.040(11).  An entity that is affiliated with an employer may qualify as an employer if it "acts in the interest of an employee's common law employer, directly or indirectly, in matters related to employment." *Buhr*, 176 Wash. App. at 37.  In that event, the entity may be held liable "for its own discriminatory acts." *Id.*

    Here, as alleged in Plaintiffs' Complaint, all relevant factors demonstrate Mednax and Pediatrix are Plaintiffs' employers.  *See* ECF No. 1 at 4, ¶¶ 2.4–2.6 (Mednax controls day-to-day work of physicians, power to hire and fire Pediatrix employees, controls schedules, determines compensation, and formulates

employment agreements).  Plaintiffs allege Providence had the ability to determine privileges, decided which physicians would serve as NICU Medical Director, provided nurses, technology, equipment, and other staffing, and decided which persons could be on premises.  *Id.* at 5, ¶ 2.10.

Beyond Plaintiffs bare legal conclusions that Providence jointly employed Plaintiffs, Plaintiffs have not pleaded facts showing Providence exercised a level of control over their employment to constitute an employer.  Even if Providence were to act in the interest of the employers under the WLAD, Plaintiffs plead no facts to demonstrate Providence committed discriminatory or retaliatory acts to be held independently liable.  *Buhr*, 176 Wash. App. at 37.  The WLAD claims are pleaded against Mednax and Pediatrix: Plaintiffs assert Mednax set the terms and conditions of Pediatrix employment and retaliated against and took adverse actions against Plaintiffs through the conduct and protection of Dr. Ilg.  *See* ECF No. 1 at 13–14, ¶¶ 3.2, 3.5.  Therefore, Plaintiffs fails to state claims for wrongful discharge and violations of WLAD against Providence.

## B.  *Negligence Claims*

Plaintiffs' negligence and negligent infliction of emotional distress claims require facts sufficient to demonstrate duty, breach, causation, and damages. *Hunsley v. Giard*, 87 Wash. 2d 424, 433 (1976).  Emotional distress damages must be within the scope of foreseeable harm of the negligent conduct.  *Bylsma v.*

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~ 8

*Burger King Corp.*, 176 Wash. 2d 555, 560 (2013).  A foreseeable harm is one that "actually placed [a plaintiff] in peril."  *Colbert v. Moomba Sports, Inc.*, 163 Wash. 2d 43, 51 (2008).

Here, Plaintiffs fail to set forth negligence damages against Providence as a non-employer.  At most, Plaintiffs allege fear from Dr. Ilg bragging about bringing a firearm to Providence, concerns of which were reported to Providence.  Notably, there are no allegations that Plaintiffs were actually placed in peril by Providence's negligent conduct other than speculation.  Therefore, Plaintiffs fails to state a claim for negligence and negligent infliction of emotional distress.

Because the Court grants Providence's Motion to Dismiss in full, the Court denies as moot Plaintiffs' Motion to Strike Providence's Joinder.  ECF Nos. 22, 29.

### C.  Leave to Amend

Rule 15(a) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give … when justice so requires."  Fed. R. Civ. P. 15(a).  A court considers five factors in assessing leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Plaintiffs seek leave to amend in the event the Court dismisses claims against Providence.  ECF No. 21 at 21.  Based on the detailed allegations of the employer-employee relationship with Mednax and Pediatrix, the Court finds amendment futile for claims against Providence.

## II.    Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA reflects "both a liberal federal policy favoring arbitration . . . and the fundamental principle that arbitration is a matter of contract."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal citations and quotation marks omitted).  Thus, "courts must place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms."  *Id.* (internal citation omitted).

In determining whether to compel arbitration, generally the court must determine two threshold issues: (1) whether there is an agreement to arbitrate between the parties and (2) whether the agreement covers the dispute.  *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).  The "party seeking to enforce an arbitration agreement bears the burden of showing that the agreement exists and that its terms bind the other party."  *Glow v. Cent. Pac. Mort. Corp*., 560 F. Supp. 2d 972, 978 (E.D. Cal. 2008).  This burden is "substantial."  *Id*. at 979.  "[T]here

should be an express, unequivocal agreement to that effect." *Three Valleys Mu.*

*Water Dist. V. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1141 (9th Cir. 1991)

(citation omitted).  In determining the existence of an arbitration agreement, state-

law principles of contract interpretation apply, and courts should give "due regard

to the federal policy in favor of arbitration by resolving ambiguities as to the scope

of arbitration in favor of arbitration." *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d

1046, 1049 (9th Cir. 1996).  Courts apply the summary judgment standard and

view the evidence in the light most favorable to the nonmoving party because an

order compelling arbitration "is in effect a summary disposition of the issue of

whether or not there had been a meeting of the minds on the agreement to

arbitrate." *Hansen v. LMB Mortgage Service, Inc.*, 1 F.4th 667, 670 (9th Cir.

2021) (citation omitted).

Plaintiffs argue the arbitration clause at issue is substantively and

procedurally unconscionable.  ECF No. 23.  Under Washington law, whether a

contract is unconscionable is a question of law.  *Luna v. Household Fin. Corp. III*,

236 F. Supp. 2d 1166, 1174 (W.D. Wash. 2002) (citing *Nelson v. McGoldrick,* 127

Wash. 2d 124, 131 (1995)).  Substantive unconscionability challenges a clause or

term in a contract, alleging the term to be one-sided or overly harsh.  *Id*.

Procedural unconscionability challenges the process of forming a

contract. *Id.* The burden of proving that a contract is unconscionable rests with the party attacking the contract. *Id.*

A. *Substantive Unconscionability*

Plaintiffs argue the arbitration clause is substantively unconscionable because it imposes a financial burden on Plaintiffs; it limits the types of relief that employees can seek; the confidentiality provision unlawfully favors Defendants; and the arbitrator alone is left to decide the scope of discovery during arbitration. ECF No. 23 at 4–8.

1. Costs and Fees

Plaintiffs allege the arbitration provision requiring them to pay the costs of arbitration and the attorney's fees to compel arbitration is unconscionable because it will have a "chilling effect" on employees seeking to challenge the arbitration agreement. ECF No. 23 at 4–5. The arbitration clause states, in relevant part:

> Each party hereto shall bear the costs of its own nominees, and shall share equally the costs of the third arbitrator. . . . [T]he arbitration proceedings . . . shall be conducted in accordance with the American Arbitration Association ("AAA") (or its successor entity) National Rules for the Resolution of Employment Disputes then in effect (the "Rules"). . . . Employee shall be liable to Employer for all costs and attorney's fees incurred by Employer in compelling arbitration.

ECF Nos. 17-1 at 5–6, 17-2 at 5–6, 17-3 at 5.

As to the cost-splitting provision, the Supreme Court of Washington has adopted an evidentiary burden-shifting approach in the context of arbitration. *See*

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~ 12

*Zuver v. Airtouch Communications, Inc.*, 153 Wash. 2d 293, 309 (2004).  First, the party seeking to avoid arbitration must present evidence demonstrating the cost-shifting provision is cost prohibitive.  *Id*.  "[O]nce prohibitive costs are established, the opposing party must present contrary offsetting evidence to enforce arbitration."  *Id*. (quoting *Mendez v. Palm Harbor Homes, Inc*., 111 Wash. App. 446, 470 (2002)).

Here, Plaintiffs estimate the arbitration costs to be $144,000.  ECF No. 24 at 3, ¶ 6.  Plaintiffs' estimate is based on a "conservative estimate of $600/hour for a month-long arbitration."  *Id*.  The estimate does not include administrative fees or other costs associated with arbitration proceedings, such as the costs of travel and witnesses.  *Id*.  Defendants do not submit any evidence controverting Plaintiffs' estimates but argue the estimates are speculative, and that any arbitration must comply with the American Arbitration Association's ("AAA") rules, which are more favorable to employees.  ECF No. 31 at 5–6.

The Court finds Plaintiffs' estimate too speculative.  Given Plaintiffs' broad range of arbitrator hourly fees ($330 to $1,150 per hour), Plaintiffs' estimate may be exaggerated, conservative, or somewhere in the middle.  It appears Plaintiffs selected the $600/hour fee somewhat arbitrarily, as there is no evidence of real-life arbitration costs based on the parties' location.  Moreover, Plaintiffs do not provide any estimates regarding the additional costs associated with arbitration.

Consequently, the Court lacks sufficient evidence to find the costs are so prohibitive as to render the fee-splitting provision unconscionable.

Regarding the attorney's fees provision, Defendants contend Plaintiffs misstate the agreement language. ECF No. 31 at 5. However, the arbitration clause clearly states, "Employee *shall* be liable to Employer for all costs and attorney's fees incurred by Employer in compelling arbitration." ECF Nos. 17-1 at 6, 17-2 at 6, 17-3 at 5 (emphasis added). It does not contain the permissive "may" as Defendants assert. ECF No. 31 at 5. Washington courts have found attorney's fee provisions unconscionable where a party is required to pay for attorney's fees, but not where the agreement language utilizes the permissive "may." *Adler v. Fred Lind Manor*, 153 Wash. 2d 331, 355 (2004); *cf. Walters v. A.A.A. Waterproofing, Inc.*, 151 Wash. App. 316, 323 (2009); *Zuver*, 153 Wash. 2d at 311 (declining to find unconscionability where the agreement uses the permissive "may" regarding attorney's fees). Therefore, the Court finds the provision requiring Plaintiffs to pay Defendants' attorney's fees associated with compelling arbitration unconscionable.

2. Confidentiality Provision

Plaintiffs next argue the confidentiality requirement is void under Washington law, which disfavors confidentiality clauses in arbitration agreements. ECF No. 23 at 6. Defendants assert the confidentiality provision must comport

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~ 14

with any applicable law; therefore, the provision is not unconscionable to the

degree it is permitted by law.  ECF No. 31 at 6.

The confidentiality provision states:

> Any such arbitration shall be treated as confidential by all parties
> thereto, except as otherwise provided by law or as otherwise
> necessary to enforce any judgment or order issued by the arbitrators.
> Neither party nor the arbitration panel may disclose the existence,
> content, or result of any arbitration hereunder without the prior written
> consent of both parties unless required for the confirmation of any
> interim, partial, or final award issued by the arbitration panel in this
> matter or as required by court order.

ECF Nos. 17-1 at 5, 17-2 at 5, 17-3 at 5.

A review of Washington caselaw and recent amendments to Washington's

labor statutes reveals a clear intent to avoid confidentiality provisions in

employment agreements as they relate to claims arising from discrimination,

harassment, retaliation, sexual assault, and wage and hour violations.  *See* RCW

49.44.211; *Luna v. Household Finance Corp. III*, 236 F. Supp. 2d 1166, 1180–81

(W.D. Wash. 2002); *Zuver*, 153 Wash. 2d at 312–15.

Here, the confidentiality provision is not absolute.  The provision

contemplates legal prohibitions against confidentiality and allows for a release of

confidentiality upon written consent by the parties.  Accordingly, the Court does

not find the confidentiality provision weighs in favor of unconscionability.

//

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO
COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~
15

3. <u>Remedies Limitations</u>

Plaintiffs allege the limits on the types of remedies Plaintiffs may seek in court disproportionately favors Defendants.  ECF No. 23 at 7.  The arbitration clause in Drs. Lang and Rabin's employment agreements requires:

> Any claim or controversy arising out of or relating to this Agreement . . . or any claim between the parties which relates to the employment of Employee by Employer (including but not limited to claims based in tort or those which are statutory in nature and claims relating to discrimination of any kind) shall be finally determined by binding arbitration. . . .  [I]f either party shall require immediate injunctive relief, then they shall have the power, without waiving this arbitration agreement, to invoke the jurisdiction of any court. . . .

ECF Nos. 17-1 at 5, 17-2 at 5.  Dr. Kane's arbitration clause contains different language that specifically reserves injunctive relief to only the employer and requires the employee to waive any right to assert claims related to jurisdiction, venue, immunity, and forum.  ECF No. 17-3 at 5.

The remedies limitation provision does not affect the outcome of the current matter where Plaintiffs do not seek injunctive relief.  Moreover, as Defendants note, Drs. Lang and Rabin can seek injunctive relief in court for certain employment-related claims.  *See, e.g.*, 42 U.S.C. § 2000e-5(f).  To the extent Dr. Kane's remedies provision is deemed unconscionable, Defendants argue it can be modified or severed to preserve the essential terms of the contract.  ECF No. 31 at 8.  Because the provision has no bearing on the outcome of this litigation, the

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~ 16

1    Court does not find it necessary to make an unconscionability determination at this

2    time.  *See Romney v. Franciscan Medical Group*, 186 Wash. App. 728, 741–42

3    (2015) (declining to decide unconscionability of a relief limitation provision that

4    was not at issue in the litigation).

5        4. Scope of Discovery

6        Finally, Plaintiffs argue leaving the scope of discovery to the arbitrator's

7    discretion frustrates Plaintiffs' rights under Washington law and limits their ability

8    to manage discovery.  ECF No. 23 at 8.  Defendants argue the limitations on

9    discovery are reasonable and typical of arbitration proceedings.  ECF No. 31 at 8.

10   Defendants further argue the AAA employment rules explicitly allow for the same

11   traditional discovery methods used in court proceedings.  ECF No. 24-1 at 14.

12       "The Supreme Court has noted that limitations on discovery are to be

13   expected in an arbitration agreement, one of the major justifications for which is

14   the lower cost of arbitration as compared to a full court proceeding."  *Brookdale*

15   *Senior Living Communities, Inc. v. Hardy*, No. C15-96 MJP, 2015 WL 13446704,

16   at *4 (W.D. Wash. June 5, 2015) (citing *Gilmer v. Interstate/Johnson Lane Corp.*,

17   500 U.S. 20, 31 (1991)).  However, limitations that deprive a plaintiff of their "fair

18   opportunity to present their claims" go too far.  *Gilmer*, 500 U.S. at 31.  Here,

19   neither the arbitration clause nor the AAA employment rules so limit an

20   employee's ability to fairly present their claims.  Unlike other discovery limitations

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO
COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~
17

deemed unconscionable, there are no explicit limitations here.  *See, e.g.*,

*Brookdale*, 2015 WL 13446704, at \*4 (finding discovery limitation unconscionable

where depositions were limited to only expert witnesses).  Conversely, courts have

routinely upheld arbitration clauses that limit discovery more generally.  *See, e.g.*,

*Lowden v. T-Mobile, USA, Inc.*, No. C05-1482P, 2006 WL 1009279, at \*9 (W.D.

Wash. Apr. 13, 2006), *aff'd,* 512 F.3d 1213 (9th Cir. 2008).  Therefore, the Court is

not persuaded that the general limitations here will deprive Plaintiffs of their

ability to present their case in arbitration.

### B.  Procedural Unconscionability

Plaintiffs allege they lacked meaningful choice when entering their

employment contracts.  ECF No. 23 at 8.  Defendants assert Plaintiffs knowingly

consented to the terms of the agreement, including the arbitration clause.  ECF No.

31 at 3.

In determining whether an arbitration agreement is procedurally

unconscionable, courts look to (1) the manner in which to agreement was entered,

(2) whether the plaintiff had a reasonable opportunity to understand the terms of

the agreement, and (3) whether the important terms were "hidden in a maze of fine

print."  *Zuver*, 153 Wash. 2d at 303 (citation omitted).  Additionally, courts look to

whether the agreement was an adhesion contract, which may be the case when the

agreement is a standard form printed contract, prepared by one party and submitted

to the other on a "take it or leave it" basis, and "no true equality of bargaining power" exists between the parties. *Id*. at 304 (citation omitted). The fact that an agreement is an adhesion contract does not necessarily render it procedurally unconscionable. *Id.* Where a party has a reasonable opportunity to consider the terms of the agreement and the terms are fully disclosed, courts generally will not find procedural unconscionability, even though there may have been unequal bargaining power. *See, e.g., id.; Luna*, 236 F. Supp. 2d at 1177. This is especially true when acceptance of an arbitration agreement is a condition prior to employment, rather than a condition of continued employment. *See Mayne v. Monaco Enterprises*, Inc., 191 Wash. App. 113, 122 (2015).

Here, Plaintiffs were presented with standard form contracts and appear to have lacked any real bargaining power to negotiate the terms of the agreements. ECF No. 23 at 8. However, Plaintiffs' employment had not yet begun, and they had a reasonable opportunity to consider the terms of the agreement. Notably, two Plaintiffs consulted with attorneys before signing the agreements. ECF No. 23 at 9. Moreover, the arbitration clause and other essential terms were not buried in a maze of fine print. Finally, Plaintiffs are savvy and highly educated individuals; Plaintiffs' lack of experience with arbitration or the AAA rules is insufficient to overcome their voluntary acceptance of the terms of the contract. Based on the

1    foregoing, the Court finds the employment agreements were not entered in an

2    unconscionable manner.

3        C.  *Conclusions regarding Unconscionability*

4            There is only one provision in the employment agreements that is

5    substantively unconscionable: the attorney's fee provision requiring Plaintiffs to

6    pay Defendants' attorney's fees associated with compelling arbitration.  In

7    Washington, "severance is the usual remedy for allegations of unconscionable

8    provisions."  *Romney v. Franciscan Med. Grp*., 186 Wash. App. 728, 742 (2015).

9    This is because "[c]ourts are generally loath to upset the terms of an agreement and

10   strive to give effect to the intent of the parties."  *Zuver*, 153 Wash. 2d at 320.

11   Severance is particularly favorable where the agreement includes a severability

12   clause.  *Id*.  The employment agreement here contains a severability clause that

13   permits any provision deemed unlawful to be severed from the agreement without

14   disturbing the remaining provisions.  ECF Nos. 17-1 at 7, 17-2 at 7, 17-3 at 6.

15   Because the agreements were not entered unconsciably, the Court finds

16   severance of the single unconscionable provision in each contract appropriate to

17   preserve the parties' intent to arbitrate the disputes.  Accordingly, the following

18   clause is severed from each agreement: "Employee shall be liable to Employer for

19   all costs and attorneys' fees incurred by Employer in compelling arbitration."  ECF

20

Nos. 17-1 at 5, 17-2 at 5, 17-3 at 5.  The parties are otherwise directed to conduct

arbitration pursuant to the terms outlined in the agreements.

## III.    Dismissal

Under the FAA, the court should stay proceedings when an issue involved in

the lawsuit is subject to arbitration.  9 U.S.C. § 3.  However, the Ninth Circuit has

held that the court has discretion to dismiss the action if all of the claims before the

court are arbitrable.  *Nagrampa v. MailCoups*, 469 F.3d 1257, 1276 (9th Cir. 2006)

(en banc) (stating the court "should stay or dismiss the action pending

arbitration"); *Sparling v Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir.

1988) (finding the district court "acted within its discretion when it dismissed [the

plaintiff's] claims").

The Court finds dismissal warranted where all issues will be determined by

the arbitrator.  No resources would be saved if the case were to remain on the

docket until arbitration concludes.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendant Providence Health & Services – Washington's Motion to

    Dismiss (ECF No. 13) is **GRANTED**.  Providence Health & Services –

    Washington is **DISMISSED**.

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO
COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~
21

2. Defendants Mednax Services, Inc. and Pediatrix Medical Group of Washington, Inc., P.S.'s Motion to Compel Arbitration (ECF No. 16) is **GRANTED**.

3. The Court **ORDERS** Plaintiffs, Mednax Services, Inc., and Pediatrix Medical Group of Washington, Inc., P.S. to submit to arbitration pursuant to their agreements.  The following clause is severed from each agreement: "Employee shall be liable to Employer for all costs and attorneys' fees incurred by Employer in compelling arbitration."  This case is then **DISMISSED**.

4. Plaintiffs' Motion to Strike (ECF No. 29) is **DENIED as moot**.

5. Each party to bear their own attorney's fees and costs.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **CLOSE** the file.

DATED November 7, 2022.



　　　　　THOMAS O. RICE
　　　United States District Judge

ORDER GRANTING MEDNAX AND PEDIATRIX'S MOTION TO COMPEL ARBITRATION AND PROVIDENCE'S MOTION TO DISMISS ~ 22