Honorable Thomas O. Rice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA KANE, M.D.; BROOK LANG, M.D.; and CHRISTOPHER RABIN, D.O.,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES-WASHINGTON d/b/a PROVIDENCE SACRED HEART MEDICAL CENTER,<br><br>Defendant. | No. 2:22-cv-00159-TOR<br><br>STIPULATED PROTECTIVE ORDER |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with FRCP 29. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are

entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (a) Sensitive personal identifying information, including, but not limited to, the personal identifiers listed in FRCP 5.2(a), individuals' personnel files and other comparable employment-related documents, and documents which are protected by the Health Insurance Portability and Accountability Act; (b) Non-public financial, accounting, commercial (including but not limited to contracts, agreements, and other non-public corporate documents), proprietary data or applications, or other proprietary or trade secret information of the parties; (c) Non-public financial, accounting, commercial, proprietary data or applications, or other private or confidential information of any current or former customer, holding company, parent company, owner, subsidiary, or business partner of the parties; (d) Information over which the designating party is obligated to maintain confidentiality by law, contract, or otherwise; (e) protected health information; and (f) Material and information the parties agree is confidential in nature, or as otherwise ordered by the Court.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

(Case No. 2:22-cv-00159 )

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1  Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)  the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only (including in-house counsel) and is so designated;

(c)  experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian; and

(h) Mediators engaged by the parties.

4.3 <u>Filing Confidential Material</u>. If any party intends to, or expects that it may, file confidential information or documents with the Court for any reason, or use confidential information or documents in any hearing or other Court proceeding, that party may either:

a. Give the party who designated the document or other information as confidential fourteen (14) days written notice ("Notice"), identifying the specific information or documents the party intends to file or use so as to permit the designating party to decide, based on its good faith review of the identified information and/or documents, whether to apply the Court for an order to seal such information or documents pursuant to FRCP 5.2. If such a motion to seal is

made, the party giving Notice shall not file or use the confidential information or documents until the Court has ruled on the motion; the party may, however, file pleadings with the Court indicating that its filing will be supplemented as appropriate after the Court's ruling on the motion to seal; or

      b.    If identification of the specific information or documents is not possible fourteen (14) days before filing or use, the party intending to file or use confidential information or documents will file a redacted version of the motion which does not include or reference the confidential information or documents and will serve upon all other parties (and provide to the Judge's chambers) an unredacted version of the motion so as to allow the designating party an opportunity to justify why such confidential information should be sealed pursuant to FRCP 5.2. The parties agree to cooperate in maintaining the confidentiality of any unredacted confidential documents submitted to the Court. Where the Notice has been provided in connection with Subparagraph 4.3(a) above, or where a redacted motion has been filed pursuant to this Subparagraph 4.3(b), the party wishing to seal the confidential information shall move within twenty-eight (28) days of service of the Notice or motion. If no such motion is timely made, the moving party shall then proceed to file without sealing the unredacted motion containing the confidential information or documents.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of

the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement should be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has

engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately or as soon as practicable (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in FRCP 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

(a) Within 60 days after the termination of this action, including all appeals, each receiving party must return upon the request of the producing party all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

(b) Counsel of record for the parties (including in-house counsel) may retain copies of any part of the Confidential material or Protected Documents

produced by others that has become part of counsel's official file of this litigation as well as abstracts or summaries of materials that reference Confidential material or Protected Documents that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Protective Order.

(c)  The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any Confidential material or Protected Documents to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential material or Protected Documents are not returned or destroyed due to the foregoing reasons, such Confidential material or Protected Documents shall remain subject to the confidentiality obligations of this Protective Order.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.   COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in FRCP 6.

DATED this 12th day of August, 2024.

STIPULATED PROTECTIVE ORDER – 10
(Case No. 2:22-cv-00159 )

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

| | |
|---|---|
| SCHROETER GOLDMARK & BENDER<br><br>*(signature)*<br>_____<br>ELIZABETH A. HANLEY, WSBA #38233<br>HONG (CHEN-CHEN) JIANG, WSBA #51914<br>401 Union Street, Suite 3400<br>Seattle, WA 98101<br>Tel. 206-622-8000<br>Email: hanley@sgb-law.com<br>        jiang@sgb-law.com<br><br>Attorneys for Plaintiffs | DAVIS WRIGHT TERMAINE LLP<br><br> s/Kathryn S. Rosen<br>_____<br>PAULA LEHMANN, WSBA # 20678<br>KATHRYN S. ROSEN, WSBA # 29465<br>VICTORIA M. SLADE, WSBA #44597<br>GRACE THOMPSON, WSBA #54218<br>920 Fifth Avenue, Suite 3300<br>Seattle, WA 98104<br>Phone: (206) 622-3150<br>Email: paulalehmann@dwt.com<br>        katierosen@dwt.com<br>        vickyslade@dwt.com<br>        gracethompson@dwt.com<br><br>Attorneys for Defendant Providence Sacred Heart Medical Center |

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: August 13, 2024.



_____
THOMAS O. RICE
United States District Court Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on [date] in the case of *Kane et al. v. Providence Health & Servs.-Wa.*, 2:22-CV-0159-TOR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER – 13
(Case No. 2:22-cv-00159 )

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305